United States District Court
Southern District of Texas
**ENTERED**
January 11, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| METROPOLITAN TRANSIT AUTHORITY OF HARRIS COUNTY, TEXAS, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION H-15-660 |
| UNITED STATES OF AMERICA, *et al.*, | § § § | |
| *Defendants*. | § § | |

# ORDER

Pending before the court is a motion for summary judgment filed by defendant United States of America (the "USA"). Dkt. 12. The USA moves for summary judgment against plaintiff Metropolitan Transit Authority of Harris County, Texas ("METRO") and defendant Powerhouse Battery, Inc. *Id.* Neither METRO nor Powerhouse Battery, Inc., responded to the USA's motion for summary judgment. Having considered the motion, exhibits, and applicable law, the court is of the opinion that the motion should be GRANTED.

## I. BACKGROUND

This is an interpleader case originally filed by METRO in Texas state court. Dkt. 1-1. It stems from a contract between METRO and defendant Clark Battery Company entered into on April 2, 2004. Dkt. 1-2, Ex. E. Under the contract, Clark Battery Company agreed to provide type 31 storage batteries for transit vehicles to METRO. *Id.* CBC Battery, a company with the same address as Clark Battery Company, invoiced METRO for batteries several times in 2005. Dkt. 1-2, Exs.

A–D.[1]  Defendant Powerhouse Battery, Inc., d/b/a CBC Battery contends that METRO owes it $51,596.90 (the "Disputed Funds") for batteries provided under the contract. Dkt. 1-2. On May 16, 2005, the IRS served METRO with a notice of levy on any funds METRO owed to Clark Battery Company or CMAC, Inc., indicating that the business or businesses owed $114,840.92 in unpaid taxes. Dkt. 1-1 & Ex. B. The notice of levy indicates that CMAC, Inc., and Clark Battery Company both have the same address. *Id.* On June 3, 2005, CMAC, Inc., filed a petition under Chapter 7 of the United States Bankruptcy Code. *Id.* On September 30, 2010, the bankruptcy trustee abandoned the rights to the Disputed Funds pursuant to 11 U.S.C. § 554(a) because it was "burdensome to the estate not to abandon the interest in the Property." Dkt. 1-1, Ex. E. The bankruptcy was eventually closed on May 16, 2013. Dkt. 1-1, Ex. F.

In the meantime, CBC Battery Company and Clark Battery Company's counsel sent a demand to METRO to pay part of the funds owed under the contract to CBC Battery Company and part to the IRS, noting that part of the funds were due before the levy was filed. *Id.* & Ex. D. METRO did not do so, and on November 23, 2011, CMAC, Inc., filed suit against METRO. Dkt. 1-1. On May 5, 2013, County Civil Court at Law Number 2, Harris, County, Texas, Judge Chan entered judgment for Powerhouse Battery, Inc., d/b/a CBC Battery against METRO for $51,596.80.[2] *Id.* & Ex. G. The order indicates that the claims made by CMAC, Inc., were denied. Dkt. 1-1,

---

[1]  While the invoices do not specifically state "type 31 storage batteries," the one detailed invoice provided indicates the part number is "EXIDE HC-31D Battery 12-Volt, BCI Group 31, Maintenance free." Dkt. 1-2, Ex. A-1. The other invoices only specify they are for 12-volt batteries, without any other detail. *See* Dkt. 1-2, Exs. A—D. The court presumes that these batteries are the type 31 storage batteries to which the contract between METRO and Clark Battery Company refers.

[2]  Interestingly, the caption of the order does not indicate that Powerhouse Battery, Inc., d/b/a CBC Battery was a party to the lawsuit. *Id.*

Ex. G. It does not appear that the USA was a party to or advised of this lawsuit; neither the IRS nor the USA is mentioned in the order disposing of the case. *See id.*

METRO filed this interpleader action in the 152nd District Court of Harris County, Texas, on January 21, 2015 (Dkt. 1, Ex. C) due to the competing claims for the Disputed Funds. Dkt. 1-1. The original petition is against the Internal Revenue Service (the "IRS"); CMAC, Inc.; Powerhouse Battery, Inc., d/b/a/ CBC Battery; Clark Battery Company; and CBC, Inc., d/b/a Powerhouse Battery, all as potential claimants to the Disputed Funds that METRO owes defendant Clark Battery Company for supplying METRO with batteries. *Id.* METRO disclaims any interest in the Disputed Funds and seeks to be discharged from any and all liability to the defendants with respect to the Disputed Funds. *Id.* METRO also seeks reasonable and necessary attorneys' fees and costs associated with bringing the interpleader action. *Id.*

On February 27, 2015, Powerhouse Battery, Inc., d/b/a CBC Battery filed an answer. Dkt. 1-2. Powerhouse Battery, Inc., d/b/a CBC Battery asserts that it provided the batteries to METRO pursuant to the contract between *CBC Battery* and METRO and that METRO refused to pay. *Id.* Powerhouse Battery, Inc., d/b/a CBC Battery states that METRO has not offered any evidence that the IRS has a lien on payments of funds owed to CBC Battery or that CBC Battery is not the party entitled to receive compensation under the contract. *Id.* Powerhouse Battery, Inc., d/b/a CBC Battery requests that the court enter judgment in its favor for the Disputed Funds, together with interest and attorneys' fees and costs. *Id.*

On March 12, 2015, the USA removed the case to this court on behalf of the IRS and asserted that the USA is the real party in interest. Dkt. 1. On April 18, 2015, the USA filed an answer in which it clarifies that the IRS is not a proper party and that any suit naming the IRS as a party is, in fact, a suit against the USA. Dkt. 7. On April 28, 2015, METRO deposited the Disputed Funds into

the Registry of the Court. On November 27, 2015, the USA filed a notice of levy against Powerhouse Battery, Inc., for $91,540.05. Dkt. 11. On December 1, 2015, the USA filed a notice of levy against Powerhouse Battery, Inc., for $93,881.62. Dkt. 13.

The USA filed its motion for summary judgment on December 1, 2015. Dkt. 12. The USA asserts that it is entitled to all of the Disputed Funds due to Powerhouse Battery, Inc.'s outstanding tax liabilities. *Id.* It provides evidence that Powerhouse Battery, Inc., has unpaid income tax liabilities and employment tax liabilities in the total amount of $93,511.27 as of October 19, 2015, and that CMAC, Inc., d/b/a Clark Battery Co. has outstanding employment tax liabilities of $76,236.38 as of March 30, 2015. *Id.* The USA asserts that CMAC, Inc., and Powerhouse Battery, Inc., are alter egos.[3] *Id.* The USA agrees, for the purposes of its motion for summary judgment, that Powerhouse Battery, Inc., is entitled to the Disputed Funds, but then argues that the federal tax lien attaches to all the rights to property of Powerhouse Battery, Inc., so the USA is entitled to the funds. *Id.* It also argues that METRO is not entitled to attorneys' fees because attorneys' fees and costs may not be awarded from funds subject to a prior tax lien. *Id.*

## II. LEGAL STANDARD

A court shall grant summary judgment when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[A] fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material

---

[3] Powerhouse Battery, Inc., d/b/a CBC Battery, however, asserts in its answer that it has never done business or been under the assumed name of CMAC, Inc. Dkt. 1-2. It did not, however, file any response opposing the USA's contention that CMAC, Inc., and Powerhouse Battery, Inc., are alter egos.

4

fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). If the party meets its burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dall., Tex.*, 529 F.3d 519, 524 (5th Cir. 2008).

### III. ANALYSIS

Under 26 U.S.C. § 6321,

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

The Government provides the declaration of Amelia Lerma, a revenue officer with the IRS's Collection Technical Advisory Group. Dkt. 12-1. Lerma generated account transcripts for Powerhouse Battery, Inc., for its federal income tax liabilities for the tax years ending on December 31, 2008, December 31, 2009, and December 31, 2010, and its Form 941 taxes for the quarters ending September 30, 2009 and December 31, 2009. The transcripts reveal that Powerhouse Battery, Inc., owes $93,511.27 in federal income tax and employment tax liabilities as of October 18, 2015. *Id.* The IRS filed two notices of federal tax liens against Powerhouse Battery, Inc., with the Texas Secretary of State. *Id.* The IRS filed the first notice on April 5, 2010, for Form 941 employment taxes assessed in December 2009 and March 2010. *Id.*; Dkt. 12-3 (notice that Powerhouse Battery Inc., has an unpaid balance of $81,341.28 for taxes assessed in 2009 and 2010). The IRS filed the second notice on February 9, 2015, for federal income taxes assessed in 2012. Dkt. 12-1; Dkt. 12-3 (notice that Powerhouse Battery, Inc., has an unpaid balance of $2,730.00 for taxes assessed in 2012

for the 2010 tax year). Lerma also provides information about CMAC, Inc.'s tax liabilities. Dkt. 12-1.

The METRO contract is with Clark Battery Company. Dkt. 1-1, Ex. A. The liens the IRS served on METRO are for CMAC, Inc., or Clark Battery Company. Dkt. 1-1, Ex. B. Powerhouse Battery, Inc., indicated in its answer that it does business as "CBC Battery." Dkt. 1-2. It asserts that CBC Battery (as opposed to Clark Battery Company) provided the goods to METRO under the contract. *Id.* This appears to be an admission that Powerhouse Battery, Inc., is also known as CBC Battery *and* Clark Battery Company.[4]  *Id.* Thus, even if Clark Battery Company is a separate company from CMAC, Inc., the money from METRO clearly was initially owed to Powerhouse Battery, Inc./CBC Battery/Clark Battery Company. *Id.* The judgment in the state court is in favor of Powerhouse, Inc., d/b/a CBC Battery, which is further evidence that the Disputed Funds are a property interest of Powerhouse, Inc., even though the contract is between METRO and Clark Battery Company, and the invoices are from CBC Battery Company. *See* Dkt. 1-1, Ex. G. The levies filed by the USA in this case are against Powerhouse Battery, Inc. Dkts. 11; 13. These levies far exceed the amount due to Clark Battery Company under the METRO contract and due Powerhouse Battery, Inc. under the state court judgment. The court therefore finds that the USA has

---

[4] Powerhouse Battery, Inc. attached an affidavit to its answer in which Michael Clark asserts he is the director and president of both Powerhouse Battery, Inc., and CMAC, Inc. Dkt. 1-2. Clark asserts that Powerhouse Battery, Inc., has conducted business under the name "CBC Battery" and CMAC, Inc., has conducted business under the name "Clark Battery Company." *Id.* He asserts that "CBC Battery has never done business as the assumed name of CMAC, Inc." *Id.* Regardless, it is clear that CBC Battery has done business as Clark Battery Company. Clark asserts that CBC Battery sold batteries to METRO and attaches invoices from CBC Battery to METRO, yet the contract for batteries is between METRO and *Clark Battery Company*, and the letter awarding the contract for batteries is addressed to *Clark Battery Company*. Dkt. 1-2, Exs. A–E. This evidence indicates that CBC Battery and Clark Battery Company, which both have the same address on the aforementioned documents, are either the same company or alter egos. Clark has provided no evidence to the contrary.

met its summary judgment burden of demonstrating the absence of a genuine issue of material fact. Since neither METRO nor Powerhouse has responded to the motion, they have not met the burden of setting forth specific facts to show there is an issue for trial. The USA has a lien on the Disputed Funds under 26 U.S.C. § 6321. Accordingly, the USA's motion for summary judgment with regard to the interpleaded funds is GRANTED. The USA is entitled to the Disputed Funds.

The USA also moves for summary judgment on METRO's request for attorneys' fees and costs associated with bringing the interpleader action. Dkt. 12. However, "[t]he portion of an interpleaded fund that is subject to a Government tax lien cannot be reduced by an award of attorney's fees to the stakeholder bringing the interpleader action." *Spinks v. Jones*, 499 F.2d 339, 340 (5th Cir. 1974). The USA has met its burden of showing that there is no genuine issue of material fact with regard to METRO's claim for attorneys' fees and that the claim should be denied. METRO has not provided any evidence that there is an issue of fact for trial. Accordingly, the USA's motion is GRANTED and METRO's claim for attorneys' fees, insofar as it seeks for the fees to be paid out of the interpleaded funds, is DENIED.

## IV. CONCLUSION

The USA's motion for summary judgment is GRANTED. The USA is entitled to the Disputed Funds totaling $53,929.26 and any accrued interest thereon, and METRO is not entitled to recover attorneys' fees from the Disputed Funds. The USA is ORDERED to submit a proposed final judgment within ten (10) days of the date of this order.

Signed at Houston, Texas on January 11, 2016.

_____
Gray H. Miller
United States District Judge